# CHARLESTON.

## GILLILAN, EXOR. v. HINKLE.

### March 1, 1875.

1875.
January Term.
When a tract or parcel of land is sold as a whole, or in gross, and not as a specified quantity, or by the acre, the parties are not entitled to any relief, either for any excess or deficiency, which may be subsequently discovered in the quantity of said land.

An appeal allowed on the petition of James K. Hinkle, John L. Anderson, and Francis H. Ludington from a decree of the circuit court of Greenbrier county, rendered on the 28th day of November, 1873, in a suit then pending in said court, in the name of Richard H. Gillilan, executor of Joseph Myles, deceased, against the petitioners. The other facts appear in the opinion of the Court.

The Hon. Homer A. Holt, judge of said circuit court, presided at the hearing below :

*Adam C. Snyder* for the appellants.

*Mathews & Mathews* for appellee.

PAULL, JUDGE :

The plaintiff in this case, as executor of the will of Joseph Myles, files his bill in the circuit court of Greenbrier county, alleging that in April, 1870, he had, as such executor, sold a certain tract or parcel of land, situated in said county ; that the quantity or number of acres thereof were not known nor stated certainly ; that it was sold just as the certain tract or parcel aforesaid simply,

though it was supposed to contain about four hundred and thirty-three acres, more or less; that the defendants, Hinkle and Anderson, became the purchasers thereof, jointly, at the price of $4,050, and having paid a small portion of the purchase money into court, executed their bonds with security for the balance, payable, respectively, in one, two and three years after date, with interest; that the first bond was paid off by the purchasers, and some payments made on the second, and that the balance due upon the second, as well as the whole amount of the third bond, are still due and unpaid. The bill then alleging that the plaintiff is ready to execute a good and sufficient conveyance for said land, and that the unpaid bonds are a lien thereon, prays that said land may be sold for the balance of the purchase money, and for general relief.

Defendants Hinkle and Anderson, file a joint answer, alleging that they purchased the land as a specified quantity, and relied entirely upon the representations of plaintiff as to that quantity, and they had no sufficient knowledge of the amount of acres offered for sale to lead them to suspect that the said quantity of four hundred and thirty-three acres was not included by the boundaries of the land sold; that shortly after the sale was made, they caused the land to be surveyed by one William White, and a calculation had of the quantity, and he fixed the quantity at seventy-five acres less than the number actually sold; that this deficiency was reported to the plaintiff, and a deduction asked. Subsequently they caused another survey to be made by one Jesse Bright, who reported a deficiency of a little over seventy-six acres. The defendants pray that their answer, containing these, the material allegations, may be read as a cross bill against the plaintiff for affirmative relief; that an injunction be perpetuated against the plaintiff, restraining him from collecting any greater amount of said bonds than is sufficient to pay for the land obtained under said purchase, after allowing compensation for the

deficiency aforesaid, and that the amount to which they are so entitled as compensation may be ascertained and declared by the court, and pray for general relief.

To this answer the plaintiff files a replication, explicitly denying the allegations of the answer in every material particular; and affirming that the defendant, Hinkle, knew and understood that the said land was sold in bulk, and relied upon his knowledge of the tract in bidding for it, &c.

Under this state of the pleadings the parties proceed to take the evidence found in the record. The cause coming on to be heard on the pleadings, exhibits, evidence, &c., and the court being of opinion that the defendants Hinkle and Anderson are entitled to no relief or abatement in the purchase money of said land, by reason of any alleged deficiency in the quantity, that the plaintiff has a right to subject said land to sale for the payment of the unpaid portion of the purchase money, orders and decrees that, unless said amount is paid within thirty days, that said land be sold by a commissioner appointed for the purpose, at the time and place and on the terms therein expressed, &c. From this decree an appeal has been awarded to the defendants to this Court.

The chief and indeed the only material question in this controversy is, what was the real contract between the parties, to wit: as to whether this land was sold as a tract or parcel by the quantity in gross, or for a specific number of acres.

The law governing such cases, has been long established. The principle is embodied in the decree made in the case of *Jolliffe v. Hite* 1 Call 301. It is thus stated: that in all cases of contracts for the sale of lands by a specific number of acres, the parties are entitled to compensation for a deficiency or excess in that quantity beyond what may reasonably be imputed to small errors from variations of instruments or otherwise; the esti-

mate being supposed to be made from mistake in the parties, &c. But where the real contract is to sell a tract of land, as it may contain, more or less, fully understood to be so, the purchaser takes the tract at the risk of gain or loss by deficiency or excess in the number of acres contemplated ; and neither can resort to the other for compensation on the ground of either event. The defendants, as we have seen, allege in their answer, filed as a cross bill, and seeking affirmative relief, that the number of acres announced to be sold, was four hundred and thirty-three acres, and this quantity was then sold by public outcry, and that they purchased the same as a specified quantity, and relied entirely upon the representations of the plaintiff as to that quantity, &c. These allegations are strongly and explicitly denied in the replication. It is incumbent on the defendants to establish by satisfactory proof the truth of their cross bill. The main evidence upon this point is found in the depositions of the defendants themselves, Hinkle and Anderson. Hinkle deposes "my understanding was that it (the land) was cried at 433 acres, no more or less; I paid particular attention ; I could not say positive whether Mr. Brown (who was the auctioneer) or Mr. Mathews, (who was the plaintiff's agent in conducting the sale) had a small piece of paper in their hand, nor whether it was cut out of the paper, or written; Mr Brown went on to say that he was going to sell a tract of 433 acres of land near the sink of Culberson's Creek, blue-grass land; I believed that quantity of land to be there as it was advertised and stated particularly, or else I would not have bought it." Hinkle bought the land himself, and subsequently took in his co-defendant Anderson, as one of the purchasers. He makes no allusion whatever to any personal representations of the plaintiff, but simply says that the *auctioneer* said that he was going to sell a tract of four hundred and thirty-three acres of land. Nor does he allude in any way to any declarations of the plaintiff's agent, A. F. Mathews.

34

Defendant Anderson deposes that the land was sold for four hundred and thirty-three acres as the quantity, and this was stated, publicly, when the land was put up by Mr. Gillilan the plaintiff or Mathews, or Brown, but could not tell which, but was certain that it was one of the three; this is all of his testimony on this point.

F. H. Ludington, the surety of defendants in their bonds, deposes, that he understood the quantity of land was four hundred and thirty-three acres; that Brown, the auctioneer, stated that it was that quantity; and in his cross-examination says, that it was sold by the boundary—so many acres, and that he bid by the lump.

This is all of the testimony given in support of the cross bill that is of any value.

Neither of the three refer to any representations, whatever, made by the plaintiff, or to any made by his agent, A. F. Mathews, but two of them say it was Brown the auctioneer, who made the declaration, and the other says he cannot tell which it was. This is all of the defendants' testimony.

On the other hand we have the depositions of plaintiff Gillilan and of A. F. Mathews, his agent, who depose expressly that the sale was made of the land as a tract or parcel in truth, and not as a specified quantity.

S. B. McClintic deposes that the land was sold in the whole, so much for the quantity.

William White, the surveyor, employed by defendant, to run off the land, and also plaintiff Gillilan, both testify that defendant Hinkle said that he had bought the land by the piece and not by the acre, and he supposed that he was entitled to no deduction for any deficiency. The truth of this declaration, however, is denied by said Hinkle.

And lastly, there is the deposition of Brown, the auctioneer, who deposes that he sold the land as follows: "I now offer a farm, said or supposed to be so many

acres; how much am I offered for the survey or tract of <span>1875. January Term.</span> land; that, to the best of my recollection, is the way <span>Gillilan, Exor.</span> I sold the land. I offered the land as said to `be so <span>v. Hinkle.</span> many acres. I did not state the number of acres positively."

Upon this review of the evidence, I do not think the cross bill is sustained by satisfactory proof. The evidence in its support is fully met and overcome by the evidence on the other side. It may be further stated that the defendants continued to make payments on their bonds after the discovery of the alleged deficiency.

I now notice two or three other errors assigned in the petition. It is said that the purchaser should not have been required to give negotiable notes, with interest added, when the sale was on a credit of six and twelve months. This, however, does not increase the amount to be paid by the purchaser; and if the payments are anticipated the interest could be as readily abated though added in that way as in any other. I would observe, however, that the practice of requiring *negotiable notes* in sales of this kind may be doubted as altogether judicious. It might be, though I do not express any opinon the subject, that by the transfer of such notes to the hands of innocent holders, without notice, the purchaser might be deprived of any equities to their payment, which might subsequently arise. On the other hand, if such notes could not be negotiated, there is no reason in their being taken.

Again, it is said, that there was no issue made up in the case, and hence no decrce should have been rendered upon the merits. If the fact stated is so, it is cured by the fourth section of chapter one hundred and thirty-four of the Code.

And again it is objected, that the deed to the defendants, filed as an escrow by the plaintiff, to be withdrawn upon the payment of the purchase money, is too vague

and insufficient, and does not convey the land sold. Upon examining the deed it is found to convey two pieces or parcels of land, one known as the Correll tract, adjoining the lands of certain parties and conveyed to Joseph Myles by Joseph H. Correll ; and the other piece as conveyed by S. B. McClintic to plaintiff; and thereby a reference is made to the deeds of those parties for a full description of the land. The record shows that these were the lands offered for sale. I think the deed is sufficient.

There is no other assignment of error which we deem it material to notice.

The decree of the circuit court of Greenbrier county, made on the 28th day of November, 1873, is affirmed, with costs to the appellee, and $30 damages.

The other Judges concurred.

DECREE AFFIRMED.